THE STATE (HIRAM GILBERT, PROSECUTOR,) *vs.* ISAAC S. VAN WINKLE, COLLECTOR OF TAXES OF HARRISON TOWNSHIP, HUDSON COUNTY.

1. On a *certiorari* to set aside an assessment ordered by the inhabitants of a school district, under the act of 1851, for the purpose of building a school house, the court will not inquire into the legal existence of such corporation, or whether the trustees by whom the meeting was called had been legally elected.

2. When an assessment is ordered by the inhabitants of a school district, called for that purpose, to sustain the assessment, proof must be clear that ten days' legal notice of the time, place, and purposes of such meeting had been given: the book of minutes kept by the trustees may be received as evidence of their acts, but it is not conclusive, and may be overcome by parol evidence.

3. It should distinctly appear, by the sworn certificate delivered by the trustees to the assessor, that two-thirds of the inhabitants present at the meeting voted in favor of the resolution to raise the sum assessed: the certificate should show that the law has been complied with.

4. It will be presumed that the persons voting at such meeting were legal voters, unless the contrary appear.

This was a *certiorari*, sued out by Hiram Gilbert, to set aside an assessment ordered by the inhabitants of East Newark school district, in the township of Harrison, in the county of Hudson, directing $2000 to be raised to buy land and erect a school house. The assessment purported to be made according to the provisions of an act entitled, "A supplement to the act entitled, an act to establish public schools," approved March 14, 1851.

The case was argued before the CHIEF JUSTICE and Justices POTTS and OGDEN, by *Hillyer* and *A. Whitehead*, for plaintiff in *certiorari*, and *W. Pennington*, for defendant.

POTTS, J. In 1852, the assessor of the township of Harrison, in the county of Hudson, assessed a tax of $300 on land of Hiram Gilbert, situated in said township, and valued, deducting debts, at $30,000, for "district school," under the authority of a resolution, alleged to have been adopted at a meeting of the taxable inhabitants of East

Newark district, directing $2000 to be raised to buy land and erect a school house.    Mr. Gilbert, who was not a resident of the district, complains of this assessment, and prosecutes this *certiorari.*

The reasons assigned for setting the assessment aside are, that the tax was assessed contrary to law, without authority, and is in divers other respects informal, erroneous, and illegal.

The assessment purports to have been made under the provisions of the 11th section of " A supplement to the act entitled, an act to establish public schools," *Pamph. L.* 1851, *p.* 270.

This section provides, that in case the trustees of any incorporated school district shall desire to purchase land, to build a school house thereon, or to build or enlarge a school house, &c., if the expense be over $20, they may call a meeting of the taxable inhabitants of said district, at some public place therein, by notices, signed by at least two of said trustees, setting forth the time and place and the purposes of such meeting, and set up, in at least three public places in said district, ten days before the day of meeting; and the said inhabitants, so met, shall have power, by the consent of two-thirds of those present, to authorize the trustees to purchase land and build, &c., and to raise by taxation any such sum of money as two-thirds of the inhabitants so assembled shall agree to, &c.; and in case any money shall be ordered by a vote of two-thirds of said meeting to be raised by taxation, two, at least, of said trustees shall make out and sign a certificate thereof, under oath, &c., that the same is correct and true, and deliver the same to the assessor, &c., which said assessor shall assess on the estates of the inhabitants of said school district, and on all lands liable to be taxed therein, &c., such sum of money, &c.

On the part of the plaintiff in *certiorari* it is insisted—

1. That it does not appear, by any legal evidence, that

any trustees had been appointed in the school district in question. But this point is not well taken. The ninth section of the supplement, above referred to, enacts, that when the trustees of any school district shall desire to become incorporated, they shall adopt a name, and, with the town superintendent, make and sign a certificate containing a description of the boundaries of said district, and the name of them adopted, which certificate shall be recorded by the clerk of the county; and thereupon the said trustees and their successors shall, by the name so adopted, be a body politic and corporate, capable, &c. The statute in this respect was complied with, the certificate, made and signed by Messrs. Lee, Irving, and Hariman, as trustees, and by the town superintendent, was recorded, and is before us. An inquiry whether these persons had in fact been legally elected trustees, would involve the question, whether the corporation had any legal existence. We cannot, in this collateral way, try that question. They must be taken to be legally elected trustees for the purposes of this case.

2. The next objection is, that no legal notice was given to the taxable inhabitants of the district of the time, place, and purposes of the meeting at which the money to buy land and build a school house was voted to be raised. It was admitted, on the argument, that the meeting at which the money was voted was in fact held on the 19th of July: no question was made as to that. But the certificate, which the trustees furnished under oath to the assessor as his authority to assess $2000 for a lot and school house on the taxable lands, &c., of the district, states that the vote was taken at a meeting of the taxable inhabitants of the district, at the house of H. W. Davis, in East Newark, on the 6th day of July, 1852, and a copy of a notice to the inhabitants of a meeting for the purpose, which is exhibited, names the same place and time of meeting. Mr. Lee, who was one of the trustees, testifies that he is satis-

fied the notices put up were copies of this paper, and that this was one of the notices put up; that he put some of them up himself. To overcome this evidence that an error had been made in the notices put up, as to the time of meeting, or to show that subsequently other notices had been put up specifying the 19th of July as the time for which the meeting was called, the defendant in *certiorari* offered in evidence the book of minutes kept for the trustees by the town superintendent.

The plaintiff in *certiorari* objected to the admission of this book in evidence.

It is proved to be the book of minutes of a corporation established by law for a public purpose; and though they are not required by law to keep a record of their proceedings, yet, as they have in fact kept such a record, it may be received as evidence of the acts of the trustees. 1 *Greenleaf's Ev.* § 474, 484; *Owings* v. *Speed et al.*, 5 *Wheaton* 420.

This book contains an entry, signed by the three trustees, of a copy of a notice for the 19th of July, and stating that three such notices had been put up. But it does not say put up by them, and Mr. Lee's testimony directly conflicts with this entry; he is one of the trustees who signed this minute: and Mr. Sherman, who made the entry, testifies that he has no knowledge of the notice, a copy of which purports to be so entered, except that it is in his handwriting. The law is clear that the inhabitants must have ten days' notice of the time, place, and purposes of the meeting. The evidence that this notice was duly given ought to be equally clear. To say the least, there is doubt about it; and in a matter so vital we cannot rest upon doubtful proof: and for this, I think, the assessment must be set aside.

3. Again, it is objected that it nowhere appears that two-thirds of the taxable inhabitants present at the meet-

The fact is so, and the objection. is well taken. The law positively requires a two-thirds vote to impose a burden of this kind on the property of the district. That the sum was authorized to be raised by such a vote, should have appeared upon the sworn certificate furnished the assessor. It does not so appear, nor is there any evidence that two-thirds of the meeting agreed to it. This is also fatal to the assessment.

4. Another objection is, that it ought to appear affirmatively that the persons voting at the meeting were constitutional voters, that is, persons entitled under the provisions of the constitution to the right of suffrage.

I think, as the case stands here, we are bound to presume they were legal voters, unless the contrary appear. The certificate furnished to the assessor states that the vote was taken at a meeting of the taxable inhabitants of the district, and if any other description of persons attended and voted, it is for the prosecutor to show it.

5. A question is also made, whether, as Mr. Gilbert was not an inhabitant of the district, his lands, though in the district, was liable to be taxed. But the act says the tax is to be assessed " on all lands liable to be taxed" in the district, and we are bound by the plain words of the act. If its provisions operate hardly upon nonresident land owners, it is for the legislature to afford relief.

Let the assessment be set aside.

C. J. GREEN and OGDEN, J., concurred.

CITED *in State* v. *Donahay,* 1 *Vr.* 405; *State* v. *Tolan,* 4 *Vr.* 202; *State* v. *Greenleaf Col.* 5 *Vr.* 442.